Moore N. Falls and Charles W. Krebs, *vs.* Benjamin Robinson.

The allegation that there was a mistake in an account, upon which a judgment at law was recovered, which was not discovered until after the trial and verdict, and the time for a motion for a new trial had elapsed, is not sufficient to authorize an injunction restraining execution of the judgment, the error, if any, being apparent on the face of the account, and the relation of the parties perfectly well known to each other.

Appeal from the Equity Side of the Superior Court for Baltimore city.

This appeal is taken from an order of the court below dissolving an injunction, to restrain the execution of a judgment at law granted upon a bill filed by the appellants.

The bill alleges, that the account between them, which was the basis of the judgment recovered by the defendant, (the present appellee,) against the complainants, contains this mistake, viz., that in it the defendant is credited with the sum of $3693.75, for three-quarters of an annual mail pay of $4925, whereas he should have been credited only with his proportion as a partner, or with one-half of said sum; that the account shows that the defendant and complainants were partners in the business therein referred to, and that defendant was entitled to only one-half of the said annual mail pay, which amounted to $4925. That this mistake was not discovered during the progress of the trial of the suit at

law, nor until after the verdict was rendered therein, and after the time for a motion for a new trial had elapsed.

The account bears date the 24th of May 1841, and is signed by the complainants. All the items composing it are particularly set forth, and among them is the item in controversy, being a credit to the defendant, as follows: "By mail, pay for three-quarters $4925,—$3693.75."

The answer avers that the account was correct in every particular, and was stated between the parties after a careful examination of their mutual dealings, and every item of it was carefully examined, fully understood, and admitted by complainants to be just and correct. As to the item alleged to be erroneous, respondent expressly denies that there is any mistake or error in regard thereto, and avers and insists that the same is correct. That this account was in possession of the counsel of complainants for several months before the trial of the suit at law, and this item was the subject of discussion before the jury at the trial, and before the court upon a motion for a new trial.

The court, (FRICK, J.,) upon bill and answer, dissolved the injunction, and the complainants appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*William Schley* for the appellants.

The bill makes a proper case for an injunction. The answer denies *generally* that there is any mistake in the item complained of, but this is not sufficient. It must state the facts upon which the denial is founded and on which the claim in the bill rests. It does not deny the allegation that there was a partnership, but simply says there was no mistake in the account. It pleads *conclusions*, and does not state the *facts* upon which those conclusions are based. A defendant must answer facts and leave the legal consequences of those facts to the court. 9 *Gill*, 505, *Adams vs. Whiteford.* The answer is to be taken as true, on motion to dissolve, so far

as it is responsive, but the averments of the bill, which are not denied, are also to be taken as true.  5 *Gill*, 148, *Alexander vs. Ghiselin*.  10 *G. & J.*, 317, *Hardy vs. Summers*.  7 *Gill*, 190, *Briesch vs. McCauley*.  1 *Bland*, 352, *Gibson vs. Tilton*.  3 *Do.*, 125, *Salmon vs. Clagett*.  The allegations, therefore, that they were partners as to the mail pay, and the amount of this pay not being denied, are to be taken as true, and the injunction should not have been dissolved.

*Charles H. Pitts* for the appellee.

The bill states that the mistake was patent upon the face of the account.   It nowhere avers that the complainants had not knowledge of the account and of the item in it complained of, but the simple averment is, that the knowledge of this mistake was not found out until after the trial at law.   Where a *mistake* is alleged as the foundation for an injunction, the answer denying that there is such a *mistake* is all that can be required of the defendant, and covers the ground upon which the equity of the bill rests.   8 *G. & J.*, 170, *Dilly, et al., vs. Barnard*.  There must be clear proof of the mistake.   9 *Gill*, 420, *Beard's Exc'x vs. Hubble*.   7 *Gill*, 190, *Briesch vs. McCauley*.  2 *H. & J.*, 179, *Contee vs. Cooke*.   The defendant in this item credits himself with the whole mail pay for three-fourths of a year, not with three-fourths of an *aggregate* sum.   The case of *Gott and Wilson, vs. Carr*, 6 *G. & J.*, 312, settles the general rule that equity will not relieve against a judgment at law, unless the justice of the verdict can be impeached by facts, or on grounds of which the party could not have availed himself at law, or was prevented from doing it by fraud or accident, or the act of the opposite party, unmixed with any negligence or fault on his part.

Le Grand, C. J., delivered the opinion of this court.

We think the injunction was properly dissolved by the court below.   Apart from all questions as to the sufficiency of the answer of the defendant, we are of opinion there was no case made by the bill.

The case made in the bill is simply this: the appellee instituted his suit at law to recover a sum of money ascertained to be due by an account settled between him and the appellants. The equity set up in behalf of the appellants is, that the account was erroneous, and that the mistake in the calculation "was not discovered during the progress of the said trial, nor until after the verdict was rendered therein, and after the time for a motion for a new trial had elapsed." The account bears date the 24th May 1841, and the suit at law was brought in the year 1846.

If there be error in the account it was apparent on its face, for the elements of which it is composed are distinctly set out on its face, and the relation of the parties perfectly well known to each other. To allow such a circumstance to set aside a judgment at law, would be to render null and void solemn adjudications on the most trivial pretexts, and that too when the party seeking to have it done had within his reach, and in fact, in his possession, all the facts essential to put the matter fairly before the jury. Such a doctrine cannot receive the sanction of any court.

*Decree affirmed with costs.*